IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REBECCA MCSWEENEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-2219 |
| | § | |
| DINNER'S SERVED, INC. | § | |
| d/b/a SAFARI TEXAS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Rebecca McSweeney has sued her former employer, Dinner's Served, Inc. d/b/a Safari Texas, for firing her. Dinner's Served filed a partial motion to dismiss. (Docket Entry No. 6). McSweeney amended her complaint and responded, (Docket Entry Nos. 8, 10), and Dinner's Served replied, (Docket Entry No. 10). Based on the pleadings, the motion, the response, and the reply, this court grants in part and denies in part Dinner's Served's partial motion to dismiss. The FMLA claims are dismissed; the claims for pregnancy discrimination and retaliation under Title VII and the TCHRA remain. The reasons are explained below.

**I.     Background**

According to her complaint, McSweeney began working as a special-events coordinator with Dinner's Served from June 2008 until June 2009. (Docket Entry No. 1 ¶ 12). She learned that she was pregnant on March 6, 2009 and informed her employer shortly afterward. (*Id.* ¶ 13). In April, she experienced pregnancy complications. (*Id.* ¶ 14). Her obstetrician told her to take two weeks off work. (*Id.*). On May 1, her obstetrician told her that she could return to work immediately. (*Id.*

¶ 15). That same day, McSweeney alleges that she notified her employer. (*Id.*). In response, Dinner's Served told McSweeney that it would not allow her to return until it was notified that her cardiologist agreed. (*Id.* ¶ 16). McSweeney obtained this release "on or about" May 8. (*Id.*). She contacted the office manager at Dinner's Served, Carol Tralie, to relay the information. (*Id.* ¶ 17). Tralie told her that Cassandra Wen, Dinner's Served's owner, would contact her. (*Id.*).

McSweeney alleges that on May 13, she had not heard from Wen. (*Id.* ¶ 18). She alleges that a former coworker told her that Dinner's Served "was not going to allow her to return to work." (*Id.* ¶ 19). On May 14, McSweeney went to the office and talked to Wen. (*Id.* ¶ 20). Wen told her that "the best thing for her unborn child was not to return to work during her pregnancy"; that if she returned to work she would "lose her clients and her commissions"; and that she would change from salaried to hourly compensation. (*Id.* ¶ 21). Wen also required McSweeney to supply notes from her obstetrician and cardiologist before returning to work and sign a waiver of liability. (*Id.*). McSweeney alleges that she "timely provided the requested notes from her doctors." (*Id.*).

Over the next few weeks, McSweeney alleged that she had several conversations by phone or emails with Wen and Tralie in which she objected to the "discriminatory actions and comments." (*Id.* ¶ 22). She also alleges that she made several requests to Dinner's Served about when she could return to work and whether she would be paid on an hourly basis, and that she requested a copy of written policies on leave, including medical and maternity leave. The only response was a letter from Wen on June 15, informing McSweeney that she was being terminated for job abandonment. (*Id.*).

McSweeney filed a charge with the EEOC and the Texas Workforce Commission's Civil Rights Division on July 29. (*Id.* ¶ 11). On March 24, 2010, the EEOC issued a dismissal and notice

2

of right to sue letter. (*Id.*). McSweeney sued on June 22, 2010. (Docket Entry No. 1). Her original complaint alleged: 1) sex and pregnancy discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001 *et seq.*; 2) retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a); 3) discrimination in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*; and 4) breach of contract. Dinner's Served moved for a partial dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure on August 30. (Docket Entry No. 6). The motion asked this court to dismiss all McSweeney's claims for breach of contract and under the FMLA, and the Title VII claims unrelated to McSweeney's pregnancy.

McSweeney amended her complaint, dropping the claim for breach of contract, and responded on September 19. (Docket Entry Nos. 8, 10). Dinner's Served replied on September 22. (Docket Entry No. 11).

## II.     The Legal Standard Under Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Twombly* abrogated the Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63 ("*Conley*'s 'no set of facts' language . . . is best forgotten as an incomplete,

negative gloss on an accepted pleading standard . . . ."). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544). The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion

to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

### III.     Analysis

Dinner's Served moves to dismiss the FMLA claim because the complaint discloses that McSweeney had not been employed long enough to qualify for FMLA leave. The FMLA defines an eligible employee as one who has been employed by an employer for 12 months and worked for that employer for at least 1,250 hours in the preceding 12 months. 29 U.S.C. § 2611(2)(A). Under the regulations, "The determination of whether an employee has worked for the employer for at least 1,250 hours in the past 12 months and has been employed by the employer for a total of at least 12 months must be made as of the date the FMLA leave is to start. An employee may be on 'non-FMLA leave' at the time he or she meets the eligibility requirements, and in that event, any portion of the leave taken for an FMLA-qualifying reason after the employee meets the eligibility requirement would be 'FMLA leave.'" 29 C.F.R. § 825.110. "There can be no doubt that the request made by an ineligible employee for leave that would begin when she would still have been ineligible is not protected by the FMLA." *Walker v. Elmore Bd. of Educ.*, 379 F.3d 1249, 1253 (11th Cir. 2004); *see also Lopez v. Lone Star Beef Processors LP*, 145 F. App'x 473, 474–75 (5th Cir. 2005) (dismissing FMLA claims because the plaintiff was not an eligible employee).

When McSweeney requested time off due to pregnancy complications in April 2009, she had been a Dinner's Served employee for at most nine months. When she asked to return in May, her employment had run ten months, at most. She did not request leave at any point afterward. The pleadings themselves disclose that when she requested FMLA leave, she was not an eligible employee under that statute. As a matter of law, she cannot maintain a claim under the FMLA. 29

Case 4:10-cv-02219   Document 15   Filed in TXSD on 11/22/10   Page 6 of 7

C.F.R. § 825.110; *Lopez*, 145 F. App'x at 474–75; *Walker*, 379 F.3d at 1253.

McSweeney's argument that she had worked for twelve months by the time she was terminated is unavailing. The complaint does not allege that she requested FMLA leave at any point after she became an eligible employee. To the contrary, the complaint alleges that she was able to, and asked to, return to work. She has failed to state a claim for which relief can be granted. There is no basis to allow amendment, because the clearly stated facts in the original and amended complaints show that McSweeney is not, as a matter of law, entitled to relief.

Dinner's Served next seeks dismissal of McSweeney's Title VII sex-discrimination claims unrelated to pregnancy. McSweeney responds that pregnancy is a type of sex discrimination. *See Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am., UAW v. Johnsons Controls, Inc.*, 499 U.S. 187, 199 (1991). She does not contend that the complaint states a sex discrimination claim except as it relates to pregnancy. There is no claim for sex discrimination other than pregnancy discrimination. This aspect of the motion to dismiss is moot.

Dinner's Served also seeks to dismiss McSweeney's Title VII retaliation claim. McSweeney argues that her complaint pleads facts that show she opposed a practice in violation of Title VII. *See* 42 U.S.C. § 2000e-3(a); (Docket Entry No. 8 ¶ 33). The complaint alleges that McSweeney "objected and complained . . . in person, over the phone and/or through e-mails" about the alleged pregnancy discrimination and that she was fired afterward because of her actions. (Docket Entry No. 6 ¶¶ 22–23, 32–34). The complaint states a claim for retaliation.

**IV.     Conclusion**

Dinner's Served's motion for partial dismissal is granted in part and denied in part. The FMLA claim is dismissed; the claims for pregnancy discrimination and retaliation under Title VII

and the TCHRA remain.

       SIGNED on November 22, 2010, at Houston, Texas.

                                        Lee H. Rosenthal
                                     United States District Judge